**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

MICHAEL M.,

                Plaintiff,

  v.                                          5:18-CV-1307
                                                    (DJS)
ANDREW M. SAUL,[1] *Commissioner of
Social Security*,

                Defendant.
_____

**APPEARANCES:**                         **OF COUNSEL:**

LAW OFFICES OF STEVEN R. DOLSON    STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.          SARAH E. CHOI, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, MA 02203

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Mr. Saul became Commissioner on June 17, 2019 and is substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

# MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 17. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted. The Commissioner's decision is affirmed and the Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1967. Dkt. No. 10, Admin. Tr. ("Tr."), p. 163. Plaintiff reported having completed one year of college. Tr. at p. 205. He has past work experience as a cook and as a DJ. *Id.* Plaintiff alleges disability based upon bulging discs in the lumbar/cervical spine, knee injuries, and bilateral carpal tunnel. Tr. at p. 204.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits in 2015. Tr. at pp. 163-169. He alleged a disability onset date of January 1, 2015. Tr. at p. 198.

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

2

Plaintiff's application was initially denied on September 14, 2015, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 85-89 & 90-91. Plaintiff appeared at a hearing before ALJ Shawn Bozarth on August 10, 2017 at which he and a vocational expert testified. Tr. at pp. 39-66. On November 14, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 16-33. On October 17, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020 and that he had not engaged in substantial gainful activity since January 1, 2015, the alleged onset date. Tr. at p. 18. Second, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease in the bilateral knees; osteoarthritis in the right hip; degenerative disc disease in the cervical, lumbar, and thoracic spines; and bilateral carpal tunnel syndrome. Tr. at p. 19. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). *Id.* Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except that Plaintiff could occasionally climb ramps and stairs, stoop, kneel, crouch, and

3

could never crawl. The ALJ found that Plaintiff could balance frequently and could extend, flex, and rotate his cervical spine frequently. *Id.* Fifth, the ALJ found that Plaintiff had no past relevant work. Tr. at p. 31. Sixth, the ALJ found that Plaintiff was in the "closely approaching advanced age" category, had at least a high school education, and is able to communicate in English. *Id.* Seventh, the ALJ found that there was work existing in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 32.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence

4

as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential

5

evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff presents a single question for the Court's review – whether the ALJ committed reversible error by failing to address an alleged reaching limitation in Plaintiff's RFC. Dkt. No. 11, Pl.'s Mem. of Law at pp. 1 & 5-10. In response, Defendant

asserts that substantial evidence supports the ALJ's RFC and that there was no error in not imposing a reaching limitation. Dkt. No. 17, Def.'s Mem. of Law, pp. 4-11.

RFC is defined as "'what an individual can still do despite his or her limitations . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012), *report and recommendation adopted*, 2013 WL 1180864 (N.D.N.Y. Mar. 20, 2013) (quoting Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *8).

Here, while recognizing certain limitations in Plaintiff's ability to climb, stoop, kneel, crouch, and crawl, the ALJ's RFC determination did not impose any limitation on Plaintiff's ability to reach. Tr. at p. 19. Plaintiff alleges that the ALJ failed to properly assess the record and erred in not including a reaching limitation. For the reasons that follow, the Court disagrees.

7

Plaintiff first argues that the ALJ's conclusion that Plaintiff's degenerative disc disease and carpel tunnel syndrome were severe impairments for purposes of Step 2 of the sequential analysis supports a finding that a reaching limitation was warranted. Pl.'s Mem. of Law at pp. 6-7. The Step 2 finding does not, however, require that any particular exertional or non-exertional limitations be imposed in the RFC. *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) ("an ALJ's decision is not necessarily internally inconsistent when an impairment found to be severe is ultimately found not disabling: the standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases."). "There is thus no inherent error in an ALJ's determination simply because an ALJ finds a plaintiff has a severe impairment, but does not assign corresponding functional limitations." *Christine M. v. Saul*, 2019 WL 5307316, at *3 (N.D.N.Y. Oct. 21, 2019).

Plaintiff next relies on evidence in the record which he contends would have amply supported imposing a reaching limitation. Pl.'s Mem. of Law at pp. 6-7. It is not, however, this Court's role to reweigh the evidence. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to

support it.'") (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)). Instead, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. at 153.

In this case, the ALJ engaged in a lengthy, detailed review and discussion of the relevant medical evidence. Tr. at pp. 19-31. In doing so he addressed much of the evidence Plaintiff cites in support of his Motion. Plaintiff, for example, cites evidence in the record suggesting limited range of motion, and restricted flexion and extension. Pl.'s Mem. of Law at p. 7 (citing Tr. at Ex. B25F). The ALJ expressly recognized this but pointed to other evidence in the record showing that Plaintiff "consistently" had full power and normal sensation in her extremities, Tr. at p. 26, had intact motor strength in his upper extremities, and exhibited normal grip strength, full range of motion in his wrists, and good dexterity in his hands and fingers. Tr. at p. 27. Plaintiff cites a computed tomography scan from May 7, 2015 as showing significant spinal problems. The ALJ, however, specifically considered that report which contains no specific reaching limitations. Tr. at pp. 24 & 642. The same is true of other testing cited by Plaintiff. *See*, *e.g.*, Tr. at pp. 271 & 645-647. The ALJ also noted that Plaintiff's

9

condition was relatively stable with conservative treatment. Tr. at pp. 21 & 23. The ALJ's careful discussion of the entire record clearly supported his RFC determination.

Plaintiff relies heavily on the consultative examination report from Dr. Elke Lorensen which listed reaching as one of several areas in which Plaintiff had "moderate restrictions." Tr. at p. 544. Plaintiff objects that despite affording the opinion partial weight, the ALJ did not address the reaching limitation. Pl.'s Mem. of Law at p. 7. However, "it is well established that the mere fact that the ALJ gives weight to a particular opinion does not require him to adopt each and every limitation identified in that opinion in his RFC determination." *Arthur L. v. Berryhill*, 2019 WL 4395421, at \*6 (N.D.N.Y. June 6, 2019), *report and recommendation adopted sub nom. Arthur L. v. Saul*, 2019 WL 3213229 (N.D.N.Y. July 17, 2019); *see also April B. v. Saul*, 2019 WL 4736243, at \*5 (N.D.N.Y. Sept. 27, 2019) (citing cases). The failure to adopt a reaching limitation, therefore, is not *per se* error.

The Court finds no error in the ALJ's treatment of Dr. Lorensen's medical source statement. Dr. Lorensen found that Plaintiff had a full range of motion in his shoulder, elbows, forearms and wrists. Tr. at p. 543. He was also found to have good hand and finger dexterity and grip strength. *Id.* This was consistent with other evidence in the record. *See* Tr. at pp. 26-27. Dr. Lorensen nonetheless opined, without further explanation, that Plaintiff had a moderate restriction with regard to reaching. Tr. at p. 544. The ALJ noted that this restriction "lack[ed] specificity" and that Dr. Lorensen had no treating relationship with Plaintiff. Tr. at p. 31. Given the evidence the ALJ

relied on in reaching his RFC determination, this lack of more detailed explanation as to the manner in which Plaintiff's ability to reach was limited, combined with the specific findings of Dr. Lorensen as to Plaintiff's range of motion, dexterity, and grip strength, provided an appropriate basis for the ALJ's decision not to include a reaching limitation in his RFC. The ALJ's discussion of this opinion amply satisfied his obligation "to appropriately explain the weight given to a consultative examiner's opinion." *Page v. Berryhill*, 2018 WL 2329457, at *6 (W.D.N.Y. May 23, 2018).

The ALJ's conclusion not to include a reaching limitation is also consistent with other evidence in the record. Plaintiff points to no other specific medical opinions imposing such a reaching limitation. Significantly, in a pre-hearing submission Plaintiff offered a proposed RFC for the ALJ's consideration based on the findings of Dr. David Martin, not Dr. Lorensen, which discussed limitations on Plaintiff's ability to push and pull, climb, stoop, and bend, but no restriction on reaching. Tr. at pp. 255-256. Dr. Martin's source opinion specifically found that Plaintiff had no significant limitations as to reaching. Tr. at p. 657. Plaintiff also testified at the administrative hearing that he was able to reach overhead. Tr. at p. 59.

Finally, Plaintiff has not shown that a moderate limitation with regard to reaching is inconsistent with his ability to do light work. *See*, *e.g.*, *Martinez v. Comm'r of Soc. Sec.*, 2016 WL 6885181, at *13 (S.D.N.Y. Oct. 5, 2016), *report and recommendation adopted*, 2016 WL 6884905 (S.D.N.Y. Nov. 21, 2016) ("moderate restrictions for lifting, pushing, pulling, overhead reaching, stooping, squatting, prolonged standing,

and prolonged walking . . . are consistent with an RFC for light work"). Accordingly, the ALJ's conclusion was supported by substantial evidence and should be affirmed.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: December 5, 2019
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge